Jeff ROSENZWEIG as Next Friend of William Frank Parker *v.* STATE of Arkansas

CR 88-95 . 784 S.W.2d 776

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Petitioner*, pro se.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner seeks to intervene, asking this court to remand the case of William Frank Parker, whose execution is scheduled to take place February 28, 1990, to the trial court for a sanity determination. He also asks us to set aside Parker's conviction on double jeopardy grounds and to hold the Arkansas .

capital punishment scheme unconstitutional. Petitioner has filed a separate petition to stay Parker's execution. His petitions are denied because petitioner lacks standing.

■ Nothing in the record of either of Parker's trials suggests that he is presently incompetent to waive further litigation or appeals nor is there anything to suggest a change in Parker's behavior that would reflect he is presently incompetent. Our recent cases of *Franz* v. *State*, 296 Ark. 181, 754 S.W.2d 839 (1989), and *O'Rourke* v. *State*, 300 Ark. 323, 778 S.W.2d 938 (1989), are both distinguishable from the present situation. This court has considered two direct appeals regarding this matter. In the first one, Parker had been convicted of capital murder and was sentenced to death; we reversed. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). In the second, Parker, again, was convicted for capital murder, and again he was sentenced to death; this time, we affirmed. *Parker* v. *State*, 300 Ark. 360, 779 S.W.2d 156 (1989). Parker seeks no further relief, and petitioner, in our view, simply has no standing, under the facts alleged and the existing circumstances of this case, to intervene on Parker's behalf. Accordingly, petitioner's petition for stay of execution is denied as well.